## HANCOCK v. HARNAGE, Co. Treas.

No. 23974.   March 19, 1935.

Charles A. Moon and Francis Stewart, for plaintiff in error.

Phil K. Oldham, Co. Atty., Earle Boyd Pierce, Asst. Co. Atty., and Eric Haase, for defendant in error.

RILEY, J.   This in an appeal from a

judgment denying a writ of mandamus by plaintiff in error directing the county treasurer of Muskogee county to pay over to plaintiff, a deputy county assessor, the moneys derived from the $1 penalty for making arbitrary assessments against persons who failed to list their property for taxation with the county assessor for the fiscal years 1929-30 and 1930-31. The contention is that the arbitrary assessments involved were made by plaintiff as deputy county assessor of Muskogee county under and pursuant to the provisions of section 9666, C. O. S. 1921 (12582, O. S. 1931), which provides that when collected such penalties shall be paid to the deputy assessor or his department who assessed the delinquent property.

His petition alleged, in substance, that the county treasurer had collected certain penalties thereunder and had or was about to credit the money derived therefrom to the general fund of the county under the provisions of section 7, ch. 85, S. L. 1919, as amended by section 1, ch. 323, S. L. 1929 (sec. 8141, O. S. 1931), which provides:

"The county assessor of Muskogee county shall have the power to appoint one chief deputy at a salary of $160 per month; four deputies at a salary of $125 per month, and such additional deputies, clerks, and assistants at a salary not to exceed $110 per month, as may be authorized by the board of county commissioners as hereinafter provided. It is further provided that all arbitrary assessment fees which may be charged on the tax rolls and collected by the county treasurer shall be credited to the general fund of the county and no deputy or employee of the county assessor shall receive any fees for any work performed in connection with the county assessor's office."

The contention is that section 7, ch. 85, S. L. 1919, and also the amendment thereof, are and were unconstitutional in that both were violations of section 14, art. 10, and section 57, art. 5, of the Constitution.

The defense is a general denial and the special plea that plaintiff had accepted all the benefits of chapter 85, S. L. 1919, and chapter 323, S. L. 1929 (8141, O. S. 1931), in so far as an increase of his salary was provided therein, and had drawn such increased salary, and was thereby estopped to deny the constitutionality of said statutes; and the further plea that no statutory authority existed for the imposition of the $1 penalty provided by section 9666, C. O. S. 1921 (12582, O. S. 1931), supra, in that said section 9666 (12582, O. S. 1931), is and

was unconstitutional as to the provision therein relative to the penalty for failure to list property for taxation.

The trial court sustained the special defense as to estoppel, and also the defense as to the penalty provision of section 9666, supra, being unconstitutional, and denied the writ of mandamus.

The record shows that the county treasurer, during the months of September, 1931, to January, 1932, inclusive, had collected penalties for the year 1930, in the sum of $732.50, and for the year 1929, $121.50, which he held and which had not been credited to the general fund of the county.

It will be observed that in this case each party is attacking the validity of the statute that is favorable to the other, and at the same time seeking to take advantage of that part of the acts which favors them.

In other words, plaintiff contends that the Acts of 1919 and 1929, which by their terms make the penalties, when collected, the property of the county, are unconstitutional, while at the same time admitting that he took advantage of the same acts, or at least the Act of 1929, which, if constitutional, was in full force when the penalties accrued and were collected, by accepting the increase of his annual salary thereby provided. On the other hand, the defendant contends that the Act of 1915 (c. 193), purporting to amend section 6 of ch. 152, S. L. 1911, is unconstitutional in so far as the same amends, or attempts to amend, section 8 of ch. 152, S. L. 1911, relative to the penalty for "refusing" to list property for taxation, and for that reason contends that the $1 penalty could not lawfully be added, and that plaintiff could not lawfully claim same after it had been collected, and, therefore, the county treasurer had a right to credit this penalty to the general fund of the county. In other words, the county seeks to deprive plaintiff of the right to receive the money which it claims was collected under an unconstitutional statute, and at the same time accept the benefit of such statute as to the collection of the penalty, and relies upon the Act of 1929 to place said money in the general fund of the county.

We think the trial court was correct in holding that plaintiff is estopped to deny the constitutionality of the Act of 1929.

He admitted that prior to July 1, 1927, his salary was $110 per month. This is the amount provided for the deputies under the county assessor, others than the chief deputy, provided by section 7, ch. 85, S. L.

1919. Prior to that enactment no salary was provided for a deputy county assessor. He could only be paid out of funds derived from the collection of penalties.

In Frost v. Corp. Com., 278 U. S. 515, 73 L. Ed. 483, it is said:

"It is not open to question that one who has acquired rights of property necessarily based upon a statute may not attack that statute as unconstitutional, for he cannot both assail it and rely upon it in the same proceeding."

See, also, Hurley v. Comm. of Fisheries of Va. et al., 257 U. S. 223, 42 S. Ct. 83, 66 L. Ed. 206.

While it is true that plaintiff in this action is not seeking to enforce his right to the salary provided by section 7 of ch. 85, S. L. 1919, as amended by ch. 323, S. L. 1929, it is also true that he accepted the office and entered upon the duties thereof, with full knowledge that without said provisions he would not be entitled to draw any salary. During the first two years he served he drew the salary of $110 per month, for what time he worked, which was the salary provided for in the Act of 1919, which he now assails as being unconstitutional, and after July 1, 1929, he drew $125 per month, under the act amending the 1919 law, which he is also assailing as being unconstitutional, both of which must be held to be void before he would be entitled to any of the penalties involved. It would be inequitable and unfair to the county to permit him to retain the salary drawn under the law and at the same time collect the penalties which the same statute says must go to the credit of the general fund of the county.

The writ of mandamus was properly denied without regard to the constitutionality of the Acts of 1919 and 1929.

As to the question of the unconstitutionality of section 9666, C. O. S. 1921 (12582, O. S. 1931), under which the penalties were assessed and collected, it may be said that if the county treasurer is defending on behalf of the county (and this must be so, for the reason that the county treasurer could have no personal interest in the money involved), the same rule should apply to defendant. The penalties were assessed and collected under and by virtue of section 9666, which was first enacted as a part of chapter 193, S. L. 1915, which, according to the title, purports only to amend section 6, ch. 152, S. L. 1911, and provide a salary for county assessors and deputy county assessors.

There is no mention of penalties in the title. There were no provisions in section 6, ch. 152, S. L. 1911, for any penalty for failure to list property. The only penalty mentioned in ch. 152, S. L. 1911, is in section 8. That section provided:

"In all cases of failure to obtain a statement of property for any cause, it shall be the duty of the county assessor to ascertain the amount and value of said property and assess the same as he believes to be the fair cash valuation thereof. Should any person, firm or corporation refuse to list his or their property, the county assessor shall add as a penalty 50 per cent. of the fair cash valuation of the property found, which shall be entered and extended on the tax books against the person, firm or corporation, and shall be collected as all other taxes."

There being no mention of penalties in the title of the Act of 1915, that part of section 1 of the act, which section purports to be a substitute for or amendment of section 6, ch. 152, S. L. 1911, providing for the $1 penalty, is plainly violative of section 57, art. 5, of the Constitution as new legislation. As an amendment to section 8, it is probably invalid under Pottawatomie County v. Alexander, County Assessor, 68 Okla. 126, 172 P. 436, wherein it was held:

"An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

Conceding said section to be unconstitutional and void, and that defendant having collected said penalties thereunder, and applying the same rule to the county as we have to the plaintiff, it does not follow that the judgment should be reversed, since it must be sustained under the first proposition. The question of how the money involved should be disposed of is not before us.

Further to avoid confusion it may be said that the $1 penalty has apparently, possibly for the first time, been legally provided for in section 3, ch. 115, S. L. 1933, and by ch. 114, S. L. 1933, both of which go to the same subject-matter, and thereunder the penalty goes to the general fund of the county.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. WELCH and PHELPS, JJ., absent.