### STATE for Use and Benefit of MURPHY v. AMERICAN SURETY CO. OF NEW YORK et al.

No. 26880.     Sept. 21, 1937.

Suits & Disney, for plaintiff in error.

Richard W. Fowler, Tomerlin, Chandler & Shelton, and John W. Swinford, for defendant in error American Surety Company.

WELCH, J. This is an action by John H. Murphy to recover damages from Paul Huston, former county treasurer of Oklahoma county, and the surety on his official bond, the American Surety Company, for the alleged wrongful act on the part of the said Paul Huston, as county treasurer, in cashing a warrant in the sum of $1,701, drawn in favor of James Beaty against the cash fund for assessor's penalties, it being the claim and contention of said John H. Murphy that the said James Beaty was not entitled to any portion of said cash fund for assessor's penalties, but that said John H. Murphy was himself the owner thereof.

The parties herein will be referred to as plaintiff and defendant, as they appeared in the trial court. Demurrers to the petitions were filed by defendants, and were overruled and exceptions allowed.

The case was tried to the court and judgment rendered for plaintiff. Motion for new trial was sustained by the court for the reason that the statute under which the assessor's penalties were collected was unconstitutional, being a portion of section 9666, C. O. S. 1921, section 1 of chapter 193, S. L. 1915. In the order sustaining the mo-

tion for new trial the court vacated its former ruling on defendant's demurrers and sustained the demurrers, and found further that the petition was not amendable on said question of constitutionality and dismissed the case. From which judgment of the court, plaintiff appeals.

Plaintiff's complaint against defendant was that defendant wrongfully paid out to Beaty "assessor's penalties" that belonged to plaintiff. Assuming that defendant did wrongfully pay out these penalties, plaintiff must prove they belonged to him to recover damage against defendant. If section 9666, C. O. S. 1921, is unconstitutional, so far as penalties are concerned, then it would appear that the penalties could not belong to plaintiff nor anyone other than the taxpayer, or, under certain circumstances, the county. Plaintiff urges that defendants are estopped from questioning the constitutionality of the act. The defendant has an interest in the matter, not because of any personal interest in the funds collected under the act; he does not seek to enrich himself or receive any personal benefit from said funds. Defendant has an interest for the reason that if he is not permitted to raise the question of the constitutionality of said penalty provisions, he may be injured and required to pay damages.

If section 9666, C. O. S. 1921, is void, then plaintiff did not own the penalties and the acts of defendant, if wrongful, could not damage plaintiff. In claiming estoppel the plaintiff is confronted with the rule that the party by whom it is asserted must have sustained some detriment by reason of the conduct of him against whom the estoppel is invoked. Here the defendant occupies precisely the same position he would have occupied if the unconstitutional act had not been passed. Plaintiff could not recover damages for the loss of something he never owned. His ownership of the penalties and his cause of action against defendant both depend on the existence of a valid law; section 9666, C. O. S. 1921. Surely there is no such thing as a void enactment of the Legislature being made valid by estoppel. The facts in the instant case are materially different from the facts in the cases cited in plaintiff's brief.

If no statute existed providing for penalties or tax, the subject of the litigation, or if an existing statute is unconstitutional, a person claiming only under the terms of the invalid statute would have no actual interest of any kind and could suffer no detri-

ment by reason of the conduct of the treasurer. The treasurer's conduct could not affect his position.

In State v. Vail, 84 Ohio St. 399, 95 N. E. 911, the court said:

"A party may assert that an unconstitutional act of the general assembly is a nullity unless his conduct with reference to the subject of the act has been such that to permit the assertion would place his adversary in a less favorable position than he would have occupied if the act had not been passed."

The trial court ruled that section 9666 was unconstitutional as expressly held in the case of Hancock v. Harnage, 171 Okla. 174, 176, 42 P. (2d) 530, 531. In that case this court, speaking through Mr. Justice Riley, said:

"The penalties were assessed and collected under and by virtue of section 9666, which was first enacted as a part of chapter 193, S. L. 1915, which, according to the title, purports only to amend section 6, ch. 152, S. L. 1911, and provides a salary for county assessors and deputy county assessors.

"There is no mention of penalties in the title. There were no provisions in section 6, ch. 152, S. L. 1911, for 'any penalty for failure to list property. * * *

"There being no mention of penalties in the title of the Act of 1915, that part of section 1 of the act, which section purports to be a substitute for or amendments of section 6, ch. 152, S. L. 1911, providing for the $1 penalty, is plainly violative of section 57, art. 5, of the Constitution as new legislation. * * *"

Plaintiff urges that the question of title of the act is not open, the act being carried forward as a part of Compiled Oklahoma Statutes 1921.

After the completion of "Compiled Oklahoma Statutes 1921," the Legislature did not adopt the compilation as a code or a revision of the laws so as to change any act in the least, or to give validity to enactments formerly invalid. See 59 C. J. 893:

"The incorporation of an act having a defective title, or which has not been passed in accordance with constitutional requirements, into general compilation of laws, not enacted as an entire revision of the general laws of the state, does not give such act additional strength, force or effect."

We conclude that the part of section 9666, C. O. S. 1921, providing for the $1 penalty for failure to assess was held unconstitutional in Hancock v. Harnage, supra, and that defendants were not estopped from rais-

ing the question here. Therefore, the judgment of the trial court is affirmed.

OSBORN, C. J., and PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.