# STATE v. C. O. PYLE.

No. A-9244. Sept. 23, 1937.
(71 Pac. 2d 997.)

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., Holly L. Anderson, Co. Atty., and Dixie Gilmer, Asst. Co. Atty., for the State.

Hickman & Ungerman, for defendant in error.

DAVENPORT, P. J. The plaintiff in error charged the defendant in error, Carl Pyle, whose true name is C. O. Pyle, by information with a violation of the Barbers Sanitary Act. Omitting the caption and signature, the information is as follows:

"Be it Remembered: That Holly L. Anderson, the duly qualified and acting county attorney for Tulsa county, Okla., who prosecutes in the name and by authority of the state of Oklahoma, comes now into court of common pleas within and for Tulsa county, state of Oklahoma, on this the 31st day of August, A. D. 1936, and gives the court to understand and be informed that on the 29th day of August, A. D. 1935, and prior to the filing of this information in Tulsa county, state of Oklahoma, Carl Pyle, in said county, and within the jurisdiction of this court, did unlawfully and willfully violate the sanitary provisions of the Barber Law of the state of Oklahoma, in the manner and form as follows, to wit: That on said above mentioned date, at Red Fork, Okla., said defendant used a towel on more than one customer without having it laundered. Contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

On September 8, 1936, the defendant, C. O. Pyle, filed his demurrer to the information, which demurrer, omitting the caption and signature, is in words and figures as follows:

"Comes now the defendant and demurs to the information herein upon the following grounds:

"1. That said information does not state facts sufficient to constitute an offense against the laws of the state of Oklahoma.

"2. That there is no statute defining the offense attempted to be alleged in said information nor do the statutes of Oklahoma make said alleged act an offense.

"3. That that part of the statute creating the Board of Barber Examiners and making a violation of the rules and regulations adopted by such board criminal is unconstitutional and is an unwarranted attempt by the Legislature to delegate the power to define crimes to said board."

This demurrer was briefed and argued by the attorneys for the state and the defendant, and when the case was called for trial, the state and the defendant through their respective counsel entered into the following stipulation:

"The Court: Let the record show it is stipulated by and between the state and the defendant, C. O. Pyle, through their respective counsel that the acts described in the information in case No. 31003, The State of Oklahoma v. C. O. Pyle, were and are in violation of the sanitary rules and regulations previously adopted and in full force and effect under the authority granted by the law to the State Board of Barber Examiners."

The demurrer to said information, and the defendant's demurrer to said evidence, was sustained by the court, and the court entered the following judgment:

"Now, on this 9th day of September, 1936, this matter coming on for trial in its regular order, the state appeared by Holly L. Anderson, county attorney, and W. F. Gilmer, Jr., and John F. Conway, assistant county attorneys, and the defendant appeared by his attorneys Hickman and Ungerman, and the court having heard argument of counsel upon the demurrer of the defendant to the information filed herein took the ruling upon the demurrer under advisement until the conclusion of the trial. The state introduced its evidence and rested, and defendant demurred to the evidence of the state, whereupon upon application of the state this cause was continued for decision until the 11th day of September, 1936, and on the 11th day of September, 1936, this cause was again continued on the application of the state until the 18th day of September, 1936, and the matter coming on to be heard before the court on the 18th day of September, 1936, and the court being fully advised in the premises finds that the demurrer of the defendant to the information of the state filed herein should be sustained, and that

the demurrer to the evidence of the state should be sustained.

"It is therefore ordered, adjudged and decreed by the court that the demurrer of the defendant to the information filed herein be and the same is hereby sustained, and the demurrer of the defendant to the evidence of the state is hereby sustained. To which the state excepts.

"It is further ordered, adjudged and decreed by this court that the defendant be discharged, to which ruling of the court the state gave notice of intention to appeal to the Criminal Court of Appeals of the state of Oklahoma, upon the ruling of the court in sustaining the demurrer to the information and upon the reserved question of law as to whether or not the information herein charges a public offense. The state was given 30 days in which to make case-made, and the defendant was given 5 days thereafter to suggest amendments, to be settled upon three days' notice."

The defendant, as shown by the record, is charged with the violation of section 6, chapter 60, Session Laws 1933 (59 Okla. St. Ann. § 77), which is as follows:

"The Board of Barber Examiners shall have authority to, and shall, under the direction of the State Commissioner of Health, prescribe sanitary requirements for barber shops, and barbers and apprentice barbers working therein. Any person operating a barber shop who knowingly permits said sanitary requirements to be violated, and any person, whether or not a registered barber or apprentice barber, violating said sanitary requirements shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred ($100.-00) dollars. The violation of said sanitary requirements by a registered barber or apprentice barber shall also constitute grounds for the suspension or revocation of his certificate of registration, by the State Board of Barber Examiners."

This is an appeal by the state from a judgment of
the trial court sustaining the demurrer of the defendant
to the information, on the ground that the statute the
defendant is alleged to have violated is unconstitutional.
The information in this case was filed on August 31, 1936,
wherein the defendant was charged with violating the
sanitary provisions of the barber laws of the state of
Oklahoma, in the county of Tulsa. When the demurrer
was sustained by the trial court, the state excepted to
the ruling of the court, prayed an appeal, and appeal
was filed in this court on November 4, 1936.

The section of the act it is alleged the defendant had
violated was section 6 of chapter 60, Session Laws 1933
(59 Okla. St. Ann. § 77). Since this case was filed in
the court, our Legislature passed an act defined as "Board
of Barber Examiners," which act is chapter 24, art. 2,
and found on page 48, of the Session Laws of 1936-37 (59
Okla. St. Ann. § 91 et seq.), and was approved by the
Governor on May 22, 1937. The title of the said act is as
follows:

"A bill entitled An Act to regulate and control the
barber industry; conferring upon the State Board of
Barber Examiners powers and jurisdiction with relation
thereto, defining such powers, jurisdiction and duties;
authorizing the said Board to approve agreements and to
make orders fixing minimum prices for barber work;
providing for judicial review of such acts of said board;
providing penalties for the violation of this act."

Section 8 of the act (59 Okla. St. Ann. § 98) is as
follows:

"That a violation of any provision of this act or of
any rule, when a written certified copy of said rule has
been served upon the person violating said rule, sub-
poena or order of the board lawfully made pursuant

hereto, except as otherwise expressly provided by this Act, shall be a misdemeanor punishable by a fine not less than twenty-five ($25.00) dollars and not exceeding three hundred ($300.00) dollars, or by imprisonment not exceeding six (6) months, or both.

"The board may institute such actions in the courts of competent jurisdiction as may appear necessary to enforce compliance with any provision of this Act or to enforce compliance with any rule, subpoena or order of the Board made pursuant to the provisions of this Act, and in addition to any other remedy may apply to any District Court of competent jurisdiction for relief by injunction."

Section 16 (59 Okla. St. Ann. § 91 note) provides:

"That all laws or parts of laws in conflict herewith be, and the same are, hereby repealed."

The passage of the Act of May 22, 1937, repealed the act under which this prosecution was started, and the question involved becomes a moot question.

In Parker et al. v. Territory ex rel. Bostick, County Attorney, 20 Okla. 851, 94 Pac. 175, 176, the Supreme Court of the Territory, in the body of the opinion, stated:

"The proposition involved is the determination of the question of whether or not certain statutes of the territory of Oklahoma relating to roads and bridges, and the limitation upon the powers of the county commissioners to levy assessments for the building thereof, have been repealed by implication or otherwise.

"In view of the fact that the time for making the assessment involved in this suit has long since lapsed, and the term of office of the defendants has long since expired, no practical result can follow a determination of the question presented."

In Hudspeth v. Commonwealth, 204 Ky. 606, 265 S. W. 18, the court in the body of the opinion stated:

"It is the universal rule that courts will not consume their time in deciding abstract propositions of law or moot cases, and have no jurisdiction to do so. A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right, before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then existing controversy. As falling within that category it is well established that where, pending an appeal, an event occurs which makes a determination unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed. 4 C. J. p. 584, § 2396; * * * Finley v. Smith, 89 S. W. 547, 28 Ky. Law Rep. 564; Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293."

In Mesa Mail Pub. Co. v. Board of Supervisors of Maricopa County et al., 26 Ariz. 521, 227 Pac. 572, in the body of the opinion the court said:

"While this court, so far as has been called to our attention, has made no previous expression upon this subject, the law in other jurisdictions is well settled that the court will not decide moot questions or abstract propositions. * * * State v. Lambert, 52 W. Va. 248, 43 S. E. 176; Kidd v. Morrison, 62 N. C. 31."

It would be patent that the determination by this court on the question presented by the state in its appeal would be wholly ineffectual to afford the state any relief regardless of how the question should be determined, and without expressing an opinion as to the merits of the question raised by the appeal, we hold the question moot, and the appeal is dismissed.

DOYLE and BAREFOOT, JJ., concur.