## ATCHLEY v. BOARD OF BARBER EXAMINERS OF STATE et al.

No. 35475.   May 12, 1953.

257 P. 2d 302.

C. W. Schwoerke, Oklahoma City, for plaintiff in error.

George Miskovsky, and Leon S. Hirsh, Oklahoma City, for defendants in error.

PER CURIAM. The plaintiff, a barber and the operator of a barber shop, sought injunction to prevent the defendants, the Board of Barber Examiners and its secretary, from proceeding against the plaintiff by criminal complaint, or in civil action for the violation of rules promulgated by the Board.

The case was presented on a stipulation of facts which reflects that the

Board, under the direction of the State Commissioner of Health, prescribed certain rules and regulations known as "Sanitary Requirements for Barber Shops." The secretary of said board made complaint against the defendant which resulted in a criminal action charging the plaintiff with violation of one of the certain rules, prescribed as aforesaid. The plaintiff had committed the act charged in the criminal complaint as being a violation of said certain rules. The secretary of said board has told the plaintiff that he will continue to seek the filing of criminal charges against all known offenders of said rules, and also will attempt other legal steps to enforce compliance with said rules, including the filing of an injunction action to close the barber shop of any persistent offender. The plaintiff has suffered pecuniary loss by the action of defendants and will continue to suffer pecuniary loss therefrom.

In argument for reversal of the judgment denying the application for an injunction, the plaintiff contends that the Board of Barber Examiners has no statutory authority to prescribe sanitary requirements for barber shops and barbers working therein.

Notice is taken of 59 O.S. 1941 §77, 59 O.S. 1951 §77, which provides:

"The Board of Barber Examiners shall have authority to, and shall, under the direction of the State Commissioner of Health, prescribe sanitary requirements for barber shops, and barbers and apprentice barbers working therein. Any person operating a barber shop who knowingly permits said sanitary requirements to be violated, and any person, whether or not a registered barber or apprentice barber, violating said sanitary requirements shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than One Hundred ($100.00) Dollars. * * * "

The provisions of section 77, supra, were first embodied in an Act of the Legislature in 1933, Laws 1933, ch. 60, p. 110, §6. In 1937 the Legislature passed an act of declared purpose to regulate and control the barber industry. Laws 1936-1937, ch. 24, art. 2, p. 48. In September, 1937, in the case of State v. Pyle, 62 Okla. Cr. 411, 71 P. 2d 997, it was held that with the passage of the said 1937 Act, the said 1933 Act was repealed. In 1941 the Legislature authorized a compilation of the statutes of the state then in force. Laws 1941, p. 458, 75 O.S. 1941 §101 et seq. The provisions of section 77, supra, with title and section numbers as noted, were embodied in the compilation. In an Act of the Legislature of 1943, Laws 1943, p. 252, Title 75, ch. 4. §1, the said compilation was declared to be "adopted and made of force as the Code and Revised Statutes of the State of Oklahoma to be known as 'Oklahoma Statutes 1941,' * * * "

The plaintiff contends the 1943 Act, supra, did not effect a valid enactment, or re-enactment of section 77, supra, in view of the Pyle decision, supra, and the history of said section, and the limited authority of the compilers of the statutes under the 1941 Act.

The plaintiff cites Thomas v. State, 83 Okla. Cr. 25, 172 P. 2d 651; Ex parte Olden, 88 Okla. Cr. 56, 199 P. 2d 228, and Harrigill v. State, 90 Okla. Cr. 347, 214 P. 2d 263, of syllabus expression, as follows:

"Where one was authorized to codify existing laws but the authority was expressly withheld to include any statute which had been 'repealed' 'or held unconstitutional by the highest courts' and such a statute was inadvertently included, adoption of statutes did not have effect of validating the statute inadvertently included."

It appears from examination of the Thomas case, supra, that the issues therein were determined on consideration of a statutory provision which was included in the 1941 compilation, and which statute in its substantive provisions had theretofore been held violative of the Constitution. Said the court:

" * * * There was no reason for the codifiers to include this section in the

statutes of 1941, as it could not be effective if placed therein. * * *"

In the Olden and Harrigill cases, supra, the issues were determined with consideration to the intent of the Legislature as affecting the construction to be given certain enactments relating to the same subject.

In these cases cited by the plaintiff we are without benefit of a direct decision on the precise point that is herein presented. Here we are concerned about a statute held repealed and thereafter included in a compilation, which compilation was adopted by Act of the Legislature as the "Code and Revised Statutes of the State." The question presented is whether or not the statute was thereby re-enacted and made operative.

In the Thomas case, supra, it was said by the court:

"We have examined the case of Atlas Life Insurance Co. v. Rose, 196 Okla. 592, 166 P. 2d 1011, * * *, and think there is a distinction to be drawn between that case and this one, inasmuch as the statute there referred to had been declared unconstitutional by reason of a defective title only, and not the law itself."

In Atlas Life Ins. Co. v. Rose, supra, reference is made to an Act of the Legislature which had been held unconstitutional because of defective title, and which Act in its substantive provision was included in the 1941 compilation of statutes; and said the court:

"* * * The provision, however, was re-enacted by the Legislature in 1943 when it adopted the Statutes of Oklahoma, 1941, as the law of the state and such provision is now in full force and effect. * * *"

In the Thomas case, supra, by the reference to the Rose case, supra, there appears to be a recognition of the possibility of a new enactment resulting from the adoption of a compilation containing a section theretofore not in force and effect. In this view it becomes apparent that the syllabus expression, supra, of the Thomas case, and as adopted in the Olden and Harrigill cases, was intended as an expression of limited application, and of application in the determination of the intent of the Legislature when the subject matter of a statute is such as to present a question of inadvertence or the lack of intent of enactment.

In Ex parte Haley, 202 Okla. 101, 210 P. 2d 653, there was an adherence to the expression of the Rose case, supra. In the Haley case it was held that upon passage of the 1943 Act adopting the 1941 Code, such Code, and all the sections therein contained, thereafter became the law of the state, including a certain numbered section, though such section may not have been in force and effect prior thereto. Said the court:

"* * * The general rule is that where by legislative enactment a Code Commission is created and such commission is authorized and empowered to compile and codify statutes of the state then in force, and the Legislature thereafter adopts the Code so compiled and prepared by the commission as the law of the state, such Code and all laws therein contained thereafter become the law of the state, although the commission may have inserted therein sections containing new matter, or sections theretofore repealed, contrary to the provisions of the act creating the commission and authorizing the compilation. * * * "

We adhere to the above pronouncement and, with application herein, hold that section 77, supra, though once repealed, was legally re-enacted and became operative when the Legislature by Act of 1943 adopted the 1941 statutes.

The plaintiff contends the statute, section 77, supra, is void in that it violates the Constitution which vests the law-making power in the Legislature and inhibits a delegation of the legislative power to an administrative board.

"In order that a court may be justified in holding a statute unconstitutional as a delegation of legislative power, it must appear that the power involved is purely legislative in nature,

pertaining exclusively to the legislative department, and not one merely incidental to some of the administrative powers for the exercise of which a board or commission was created." 42 Am. Jur. Public Administrative Law, §43.

In 59 O.S. 1941 §61 et seq. (59 O.S. 1951 §61 et seq.), there is provision for the creation of a State Board of Barber Examiners with power to conduct examination and issue certificates of registration to those desiring to practice the trade of barber, upon consideration that the applicant has shown a prescribed physical fitness and in oral and physical demonstration has shown himself possessed of skill in the trade of barbering, "including a knowledge of an ability to use asceptic and antiseptic preparation and tools ordinarily used in practicing of said trade, and is possessed of a sufficient knowledge concerning the common diseases of the face, head and skin to avoid the aggravation or spreading thereof in the practice of said trade." The practice of barbering is defined. It is provided that no person shall practice the trade of barber without such certificate of registration, and that such certificate be renewed annually; that the Board may refuse renewal or suspend or revoke a certificate for gross malpractice or gross incompetency, etc.; that members of the Board or appointees of the Board may inspect any barbershop during business hours to ascertain whether there is compliance with this Act and with the sanitary requirements prescribed by the Board.

It is thus apparent that the Legislature has declared a policy of regulating the practice of barbering or the barber trade in the interest of the public health, and with purpose of avoiding the aggravation or spreading of the diseases of the face, head, and skin, in the practice of said trade, and that the Board of Barber Examiners was created to carry out such purpose and policy.

In 42 Am. Jur., Public Administrative Law, §§49, 50, it is aptly stated:

"The Legislature, having declared its policy and purpose and provided standards for the exercise of the power, may confer upon administrative authorities the power to enact rules and regulations to promote the purpose and spirit of the legislation and carry it into effect, and, even though such rules and regulations are given the force and effect of law, there is no violation of the constitutional inhibition against delegation of the legislative function. The authority to make rules to carry out a policy declared by the lawmaker is administrative and not legislative, even though the lawmaker has provided that a violation of such rules shall be punished as a public offense. Such power is not the power to make law, but the power to carry into effect the will of the lawmaker as expressed by the statute, and its use by administrative officers is essential to the complete exercise of the powers of all the departments. * * * "

"§ 50. * * * the Legislature may validly provide a criminal or penal sanction for the violation of the rules and regulations which it may empower administrative authorities to enact."

In Associated Industries of Oklahoma v. Industrial Welfare Comm., 185 Okla. 177, 90 P. 2d 899, it is said:

"Power to determine the policy of the law is primarily legislative, and cannot be delegated, whereas the power to make rules of a subordinate character in order to carry out that policy and apply it to varying conditions, although partaking of a legislative character, is in its dominant aspect administrative and can be delegated."

The authority to make rules of sanitary practice for barbers and barber shops provided by section 77, supra, clearly contemplates a making of rules to promote the purpose and spirit of the legislation, 59 O.S. 1941 §61 et seq., supra; that is, the regulation of barbering practices so as to avoid the spread of diseases. Sanitation practices to avoid the spread of diseases is the standard prescribed for the exercise of the rule-making power.

Inasmuch as a policy is laid down by the Legislature and a standard is es-

tablished by statute, there is no unconstitutional delegation of legislative power in leaving to the barber Board the making of rules within such prescribed limits, and the determination of the facts to which the policy as declared by the Legislature is to apply. The authority to make rules to carry out the policy declared by the Legislature is administrative and not legislative. Accordingly, upon consideration of the provisions of 59 O.S. 1941 §61 et seq., and including section 77, the terms of section 77, supra, do not reflect a violation of the constitutional inhibition against delegation of the legislative function.

Herein there is no evidence or charge that the rules prescribed by the defendant Board are unreasonable, arbitrary or discriminatory, and there is no charge of oppression in the acts of the defendants other than that their acts as officials, and affecting the plaintiff, were without statutory authority or sanction. No basis for injunction was shown.

The judgment for the defendants, and denying the plaintiff's application for injunction, is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.