

# THE ATTORNEY GENERAL
# OF TEXAS

October 26, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Edwin E. Powell, Jr.    Opinion No. JM-1111
Coryell County Attorney
P. O. Box 796                     Re: Obligation of a commis-
113 South 7th                     sioners court to rent space
Gatesville, Texas  76528          outside the courthouse for
                                  the county surveyor (RQ-1720)

Dear Mr. Powell:

You ask about a county's obligation to pay for office space for the county surveyor. Specifically, you ask whether a county must pay for office space for the county surveyor outside the county courthouse. Your question requires us to consider the continuing validity of Attorney General Opinion O-3229 (1941), which held that it is entirely within the discretion of the commissioners court to determine whether the county will provide office space for the county surveyor. See also Attorney General Opinion O-5685 (1943) (dealing with a county's responsibility to provide stationery for county surveyor).

Attorney General Opinion O-3229 (1941) considered the effect of two conflicting statutes. One statute, which was codified as article 5283, V.T.C.S., provided that a county must provide office space for the county surveyor under certain circumstances:

> A county surveyor shall be elected in each county at each general election for a term of two years. He shall reside in the county and keep his office at the courthouse or some suitable building at the county seat, the rent therefor to be paid by the commissioners' court on satisfactory showing that the rent is reasonable, the office necessary and that there is no available office at the courthouse.

V.T.C.S. art. 5283 (Vernon 1926); see also Law of Aug. 18, 1876, ch. 114, 1876 Tex. Gen. Laws 196; 8 H. Gammel, Laws of Texas 1032 (1876) (original enactment). A later enacted statute, which was codified as article 3899b, V.T.C.S., left

it entirely to the discretion of commissioners courts to determine whether the county would provide office space to the county surveyor. Acts 1929, 41st Leg., ch. 207, at 448. In Attorney General Opinion O-3229 this office concluded that the later enacted statute, article 3899b, had impliedly repealed article 5283 and therefore that a county commissioners court had discretion to determine whether to provide office space to the county surveyor. See also Tex. Const. art. XVI, § 44; Local Gov't Code § 291.001 (both providing that the county surveyor "shall have an office at the county seat").

Both of the statutes considered in Attorney General Opinion O-3229 have been affected by the ongoing statutory revision process provided for in section 323.007 of the Government Code, which directs the legislative council to plan and execute a program of nonsubstantive recodification. See generally Collins, Continuing Statutory Revision: Where Did the Civil Practices and Remedies Code Come From?, 50 Tex. B.J. 134 (1987). The recodification program is not intended to alter the "sense, meaning, or effect" of a statute. Gov't Code § 323.007. Nonetheless, the process has resulted in the express repeal and reenactment of former article 5283, which this office had held to be impliedly repealed, and the express repeal, without reenactment, of former article 3899b. Those changes call into question the continuing validity of Attorney General Opinion O-3229.

In 1977 the legislature adopted the Natural Resources Code. Acts 1977, 65th Leg., ch. 871, at 2345. In enacting the code, the legislature repealed article 5283, the provision the attorney general had held to be impliedly repealed, and reenacted it, in part, as section 23.016 of the Natural Resources Code. Id. at 2368. That section reads as follows:

> (a) The county surveyor's office shall be located in the courthouse or in a suitable building at the county seat.
>
> (b) Rent for an office outside the courthouse shall be paid by the commissioners court on showing that:
>
> (1) the rent is reasonable;
>
> (2) the office is necessary; and
>
> (3) an office is not available at the courthouse.

A foreword to the proposed Natural Resources Code states that the drafting involved eliminating impliedly repealed provisions, but does not explain how the legislative council determined whether a provision had been impliedly repealed.[1]   Johnson, Foreward To Proposed Code: Revisor's Report, November, 1976, Nat. Res. Code, at IX (1978).  In any case, despite their intention to eliminate impliedly repealed provisions, the drafters did not eliminate former article 5283.

By itself, the reenactment of former article 5283 would not affect the holding of Attorney General Opinion O-3229. The enactment dates of specific statutes, rather than the dates on which they were reenacted and codified as part of the program of nonsubstantive recodification, determine which of two conflicting statutes prevails.  Alexander Ranch, Inc. v. Central Appraisal Dist., 733 S.W.2d 303, 308 (Tex. App. - Eastland 1987, writ ref'd n.r.e.), cert. denied, 108 S.Ct. 2005 (1988); accord State v. Taplin, 247 A.2d 919 (Me. 1968).

The legislature complicated matters, however, by expressly repealing article 3899b when it adopted the Local

---

1.   The revisor's note to section 1.002 of the code offers insight into the difficulty in determining whether a particular provision had been impliedly repealed:

> With the adoption of the Administrative Procedure and Texas Register Act, a number of state laws relating to state agency procedure were impliedly repealed.  In cases in which statutes assigned to this code for revision were obviously repealed by that Act, corrections have been made.  However, the absence of court interpretations of the APA and the possibility that many laws assigned to this code may require court consideration before a determination can be made as to whether in fact they were repealed by the APA, those laws have been revised and included in this code.  [Discussion of provision insuring that APA provisions would prevail over provisions reenacted in code.]

Nat. Res. Code § 1.002 revisor's note (1978).

Government Code in 1987.[2] Acts 1987, 70th Leg., ch. 149, at 707. The repeal of article 3899b by the enactment of the Local Government Code raises the question of whether the provisions of former article 5283, now codified as section 23.016 of the Natural Resources Code, are again effective even though both recodifications were intended to be nonsubstantive.[3]

Section 23.106 is now the only statute -- either in the codes or in the revised statutes -- dealing with a county's obligation to provide office space for the county surveyor, and it is unambiguous on its face. Current rules of statutory construction do allow courts to consider the legislative history of even an unambiguous statute. Gov't Code § 311.023. In Bryant v. Metropolitan Transit Auth., 722 S.W.2d 738, 740 (Tex. App. - Houston [14th Dist.] 1986, no writ), the court held that a court may inquire into the intent of a recodified statute that is clear on its face if the legislature has stated that the recodification is not intended to change the law and the recodification does in fact make a substantive change. Compare Ex parte Olden, 199 P.2d 228 (Okla. Crim. App. 1948) (inclusion of 1913 statute impliedly repealed by 1915 statute in 1941 codification does not validate 1913 law), with Atchley v. Board of Barber Examiners, 257 P.2d 302 (Okla. 1953) (code is law even though it may contain sections theretofore repealed).

We do not think, however, that a court would consider legislative history to be so significant that it would hold

---

2. The revisor's note at the end of chapter 152 of the Local Government Code lists a number of provisions, including article 3899b, that were repealed as part of the enactment of the Local Government Code. The note states that those provisions were repealed because they are ineffective or obsolete.

3. The Texas legislature has provided that the repeal of a repealing statute does not revive the statute originally repealed. Gov't Code §§ 311.030 (applicable to codes), 312.007 (applicable to civil statutes). This rule was clearly intended to prevent revival of a statute by the repeal of a statute expressly repealing the original statute. We do not think the rule necessarily applies, however, when the original statute was merely impliedly repealed -- particularly when no court ever determined that the original statute had in fact been impliedly repealed.

that a provision that has not been carried forward in any form is still the law. In <u>Carbide Int'l v. State</u>, 695 S.W.2d 653 (Tex. App. - Austin 1985, no writ), the court wrote:

> The codification process is a part of the Legislature's larger power to revise laws. . . . The purpose of the process is not to change the substantive law but to supply a convenience by rearrangement of separate statutes relating to the same subject, so as to achieve a complete and uniform system of statutory law dealing with the subject. Tex. Natural Resources Code Ann. § 1.001. When adopted by the Legislature in a constitutional manner, the resulting Code as a whole constitutes a law in and of itself, and not a mere compilation of previous statutes, save in certain respects not material here. <u>The Code becomes the statutory law of the State respecting the subjects to which it relates, superseding previous statutes omitted therefrom or repealed thereby, so that anyone subject to its provisions may look to the Code alone with safety and confidence, and without resorting to the previous statutes except to explain contradictions and ambiguities</u>. (Emphasis added.)

<u>Id</u>. at 656 n.3; <u>see also American Indem. Co. v. City of Austin</u>, 246 S.W. 1019, 1025 (Tex. 1922).

We think that a court, if faced with the question you present, would hold that, whatever happened in the recodification process, section 23.106 now governs the issue of a county's responsibility to pay for office space for the county surveyor. Otherwise, counties would have to look to an expressly repealed statue in order to determine their responsibilities in regard to office space for the county surveyor. We conclude, therefore, that Attorney General Opinion O-3229 is no longer a correct statement of the law and that a county must follow the provisions of section 23.016 of the Natural Resources Code in determining whether it must pay for office space outside the county courthouse for the county surveyor.

You state in your brief that the decision of the Coryell County Commissioners Court not to pay for office space outside the county courthouse for the county surveyor

was based on both the county's unlimited discretion to determine whether to provide office space for the county surveyor, as well as a determination that the space was not necessary. Because Attorney General Opinion O-3229 is no longer a correct statement of the law, the commissioners court did not have unlimited discretion in regard to the provision of office space for the county surveyor. If, however, there was no showing that the office space outside the courthouse was necessary, the commissioners court did have authority, under section 23.016 of the Natural Resources Code, to refuse to pay for office space for the county surveyor.

### S U M M A R Y

A county must follow the standards set in section 23.016 of the Natural Resources Code in determining whether to pay for office space outside the county courthouse for the county surveyor.

Very truly yours,

J I M    M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General