JAMISON, Adm'r, v. ADMIRALTY ZINC CO.

*96 P. 2d 26.*

No. 28886.   Oct. 31, 1939.

A. F. Moss and H. R. Young, of Tulsa, for plaintiff in error.

Butler, Brown & Rinehart, of Oklahoma City, for defendant in error.

OSBORN, J. This is an action originally brought in the district court of Oklahoma county by Alexander Jamison, as administrator of the estate of Everett R. Edwards, deceased, against the Admiralty Zinc Company, a corporation, as defendant. The first cause of action in the petition sought to recover for the wrongful death of deceased, alleged to have been occasioned by the negligence of the defendant, and the second cause of action sought recovery of damages for conscious pain and suffering endured by deceased prior to his death, alleged to have been occasioned by the said negligence of defendant. The cause was tried to a jury and resulted in a verdict in favor of the defendant on both causes of action, from which judgment plaintiff has appealed.

The parties will be referred to as they appeared in the trial court.

The deceased, Everett R. Edwards, was employed as a roof trimmer in the lead and zinc mine of defendant, known as the Velie Lion Mine, from about the 5th day of June, 1935, until the 2nd day of October, 1935, when he received injuries which thereafter resulted in his death on the 15th day of July, 1936.

Plaintiff admittedly predicated this action upon the theory that the defendant corporation, acting through its mine foreman and its assistant mine foreman, is guilty of negligence per se in that it violated the provisions of sections 11222, 11223, 11227, 11228, 11229, and 11230, O. S. 1931. These statutes are the same as they appeared in Compiled Oklahoma Statutes of 1921, chapter 63, art. 3, secs. 7604, 7605, 7609, 7610, 7611, and 7612, respectively, and are a part of what, for the sake of convenience, will hereinafter be termed the General Mining Code, contained in Compiled Oklahoma Statutes of 1921.

The Legislature in 1929 (Session Laws 1929, chap. 42, sec. 26) enacted what is termed a Lead and Zinc Mining Code, which is incorporated in the Oklahoma Statutes of 1931 as sections 11131 to 11156, both inclusive. Section 11131 defines mines within the meaning of the act, and is as follows:

"That the words defined in this section shall have the following meaning when found in this act, to wit, 'Mines' mean mines in the state of Oklahoma wherein lead, zinc or other metals are sought or produced. 'Operator' means the person, individual or corporation charged with the responsibility of management and control of mining. 'Mine Inspector' means the Chief Mine Inspector of this state and the Deputy or Assistant Mining Inspector provided by law for the district in which the mining operation is located, except where the context specifies the Deputy or Assistant Mining Inspector."

Section 11156 is the repealing clause, and is as follows:

"That chapter 63, entitled Mines and Mining of the Compiled Statutes of the State of Oklahoma 1921, being sections 7540 to 7633, both inclusive, * * * is hereby repealed insofar as it affects or applies to mines as hereinbefore defined. All other acts, laws, or parts thereof in conflict or inconsistent with this act are repealed insofar as they apply to mines as hereinbefore defined."

It will be seen that this act expressly repeals sections 7540 to 7633, both inclusive, of the Compiled Statutes of Oklahoma of 1921, insofar as it applies to mines as defined in section 11131, O. S. 1931. The sections so repealed include sections 7604, 7605, 7609, 7610, 7611, and 7612, C. O. S. 1921, which still appear in O. S. 1931 as sections 11222, 11223, 11227,

11228, 11229, and 11230, and are relied upon by plaintiff.

Plaintiff admits he could not maintain this action against the defendant upon the grounds of statutory negligence if the repealing clause contained in section 11156, O. S. 1931, is still effective, and contends that the sections relied upon were re-enacted and again became the law with regard to the operation of lead and zinc mines by the adoption of Oklahoma Statutes 1931. In other words, plaintiff's primary contention is that Oklahoma Statutes 1931 constitutes a *revision* of law for the State of Oklahoma, rather than a *compilation* of its laws.

We do not think plaintiff's position is tenable.

The Constitution of this state, art. 5, sec. 43, is as follows:

"The Legislature shall, in the year 1909 and each ten years thereafter, make provision by law for revising, digesting, and promulgating the statutes of the state."

Pursuant to this authority the Legislature of 1909 provided for the revision of the statutes of Oklahoma. At chapter 9, Session Laws 1909, appears the act creating a Code Commission and setting out the duties of said commission, which, among other things, contained the words "collect, revise, annotate and reduce to *one act*," the different statutes.

The Legislature in 1911, Session Laws 1910-11, chapter 39, adopted the report of two members of the Code Commission. Section 2 of this act expressly repealed all general or public laws not contained in said revision, and excepted only special or local laws, appropriations, special elections, acts validating bond issues and preserved all existing rights and remedies. This work is entitled "Revised Laws of the State of Oklahoma, 1910."

The above procedure undoubtedly constituted a revision of the laws of this state. In contrast with the above, the "Compiled Statutes of Oklahoma 1921"

was authorized by the Legislature (S. L. 1921, ch. 125, sec. 2). This act appoints the Chief Justice of the Supreme Court, the Presiding Judge of the Criminal Court of Appeals, and the Attorney General of the state to serve as Code Commissioners, without compensation, to supervise the *compilation, annotation, indexing* and publication of the Constitution, codes and statutes of the state; said act also accepts the offer of Clinton O. Bunn for such compilation. Section 2 of the act provides:

"Said statutes, when approved by said Code Commission and published shall be *presumptive* evidence of the laws therein contained."

The Code Commission formally approved the work of the compiler August 1, 1922, without further action of the Legislature.

In State, for Use and Benefit of Murphy, v. American Surety Co. of N. Y., 180 Okla. 565, 71 P. 2d 745, at page 747, this court held:

"After the completion of Compiled Oklahoma Statutes 1921, the Legislature did not adopt the compilation as a code or a revision of the laws so as to change any act in the least, or to give validity to enactments formerly invalid."

In 1931, the Legislature followed practically the identical procedure used in 1921. Session Laws 1931, chapter 23, section 1, sets out the proposal of Harlow Publishing Company offering to *"Compile, annotate, index, manufacture and publish a new compilation of the Oklahoma Statutes,"* and accepting said proposal. Section 2 of the act appoints a Code Commission to serve without additional compensation. Section 5 of the act provides: "Said 'Oklahoma Statutes for 1931' when approved by said Code Commission and published as herein provided shall be *prima facie evidence* of the laws of the state of Oklahoma therein contained."

This compilation was formally approved by the Code Commission on the 19th day of September, 1931. A copy of this certificate of approval is found upon

the first printed page of volume 1, Oklahoma Statutes 1931, unnumbered. It is not contended that either the work of the editor and compiler of the 1921 or the 1931 compilations, or the action of the Code Commissioners in connection with these editions of the Oklahoma Statutes, was ever approved and thereby became the law of this state, by subsequent legislative act, as was the case in 1910.

Certainly, the Legislature did not attempt to delegate its power to enact laws to any commission in the acts appointing the Code Commission.

The act provides that the Oklahoma Statutes of 1931 shall be *prima facie evidence* of the laws therein contained.

In Protest of Chicago, R. I. & P. Ry. Co., 164 Okla. 72, 22 P. 2d 1002, this court, in discussing a statute which had been omitted from the Oklahoma Statutes 1931, held the omitted statute "in full force notwithstanding it was omitted from the 1931 compilation of statutes."

It follows, therefore, that the Oklahoma Statutes of 1931 is a compilation of the laws of the state of Oklahoma, and not a revision or re-enactment of said laws.

Having held that the quoted sections of the statute relied upon by plaintiff were not re-enacted by adoption of the Oklahoma Statutes of 1931, these sections are admittedly repealed by the Lead and Zinc Mining Code adopted in 1929, insofar as they relate to lead and zinc mines, and are therefore unavailing to plaintiff herein.

Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 P. 678, is relied upon by plaintiff for the proposition that the quoted sections of the General Mining Code apply to lead and zinc mines as well as other mines. This decision was promulgated in 1913, before the adoption of the Lead and Zinc Mining Code, and is no longer controlling.

Plaintiff's assignments of error include objections to certain evidence to the effect that other mine operators in the vicinity of defendant's mine did not use timbers to prop up and support the roof in said mines and did not furnish timbers to employees for such purpose. Plaintiff contends that this evidence was improper and not admissible for the reason that it was for the purpose of nullifying an express statute; that there was further error in admitting evidence that in the opinion of witnesses timbering in the mine for the purpose of supporting its roof was unnecessary in order to provide a safe place in which to work; in permitting evidence of an Assistant Mine Inspector of the state of Oklahoma that he considered defendant's operation of its mine a safe and proper one; that there was further error in refusing certain instructions to the jury requested by the plaintiff and in giving certain instructions objected to by plaintiff.

An examination of the evidence and the instructions given and refused by the trial court indicates that these objections are predicated upon plaintiff's theory that the sections of the statutes, supra, relied upon by plaintiff, are in full force and effect.

Having held that the statutes so relied upon by plaintiff were repealed by the Lead and Zinc Mining Code in 1929, and that they were not re-enacted by adoption of the Oklahoma Statutes of 1931, it is unnecessary to enter into a discussion of these objections. The instructions of the trial court to the jury sufficiently state the law applicable to the case.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DANNER, JJ., concur.