## ATLAS LIFE INSURANCE CO. v. ROSE.

No. 32046. Feb. 19, 1946.

Rehearing Denied March 19, 1946.

*166 P. 2d 1011.*

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, and W. C. Austin, of Altus, for plaintiff in error.

H. C. Ivester, of Sayre, and T. M. Robinson, of Altus, for defendant in error.

PER CURIAM. This is an appeal taken by Atlas Life Insurance Company from an order denying its motion to vacate a judgment rendered against it in a garnishment proceeding.

The record discloses that on the 18th day of April, 1937, B. C. Rose, defendant in error herein, obtained a judgment in the district court of Jackson county against Paul Crosby for the sum of $360.25 plus interest and costs. Execution was thereafter issued on such judgment and returned unsatisfied. Mr. Rose, judgment creditor, thereafter filed an affidavit of garnishment in aid of execution as provided by 12 O. S. 1941 § 863, and the court clerk thereupon issued an order directed to appellant as garnishee requiring it to answer certain interrogatories propounded by Mr. Rose and attached thereto. This order with the interrogatories attached was duly served upon appellant by the sheriff of Tulsa county. Appellant failed to answer the interrogatories so propounded and judgment was thereafter rendered against it in favor of plaintiff as provided by 12 O. S. 1941 § 1179.

Appellant thereafter filed a motion to vacate the judgment on the ground that the court was without jurisdiction to render such judgment. This motion was denied.

It is first contended that the order of garnishment issued by the court clerk is void for the reason that it is not styled "The State of Oklahoma to Atlas Insurance Company." It is asserted that such order is a process within the meaning of article 7, sec. 19, of the State Constitution, and 12 O. S. 1941 § 51, which provide that all process must be styled "The State of Oklahoma"; that since the order was not so styled it is void and insufficient to confer jurisdiction upon the court either over the person of the garnishee or the fund to be impounded. We do not agree. While the order referred to in a broad and general sense undoubtedly constitutes a process, it is a process in the sense that it is an order authorized to be made and entered in the proceeding and authorized to be served upon the garnishee. It does not, however, necessarily follow that such order constitutes such process as is required to run in the name of the state under the provisions of the State Constitution and the statute, supra.

The statute does not require in proceedings of this character that a formal summons such as is required to be served upon the commencement of a civil action shall be served upon the garnishee. It simply provides that upon

filing of the garnishment affidavit the court clerk shall issue an order requiring the garnishee at a time therein stated to answer interrogatories propounded by the judgment creditor and thereunto attached. The order was issued and served in the manner provided by law. Formal process is not required in such proceeding. The order issued and the service thereof upon garnishee conferred jurisdiction upon the court to render the judgment assailed.

Counsel in their brief say:

"Any procedure in a court which requires a notice, writ, process, or summons to bring one into court to subject him to the jurisdiction of the court . . . is 'process,' within the purview of the Constitution, article 7, sec. 19, and the statutory provision of Title 12, sec. 51, the Statutes of 1941."

This statement is entirely too broad. It is not essential that every order or notice issued in a proceeding and served upon a party requiring his appearance before the court should run in the name of the state in order to render such process and service thereof valid, and confer jurisdiction upon the court to render judgment against the party so served. In Hall v. Price, 136 Okla. 202, 277 P. 239, we said:

"A notice as provided for in section 366, C.O.S. 1921 (12 O. S. 1941 § 1184) when served in the same manner as required for the service of a summons in a civil action, is not inoperative or void because it does not bear the style of the State of Oklahoma as provided for in article 7, sec. 19 of the Constitution, nor because the seal of the court is not attached thereto."

A notice by publication in a foreclosure proceeding in a general sense constitutes process. It is, however, not such process as is required under the Constitution to be styled "The State of Oklahoma." Burns v. Pittsburg Mortgage Inv. Co., 105 Okla. 150, 231 P. 887. In Vol. 34, Word and Phrases, p. 160, it is said:

"A summons issued and signed by plaintiff's attorney under a statute authorizing the commencement of an action in that manner is not process, within the meaning of the constitutional provision requiring all process to run in the name of the people. Comet Consol. Min. Co. v. Frost, 25 P. 506, 507, 15 Colo. 310. See, also, Bailey v. Williams, 6 Ore. 71, 73; Hanna v. Russell, 12 Minn. 80 (Gil. 43, 45); Brooks v. Nevada Nickel Syndicate, 53 P. 597, 599, 24 Nev. 311; Porter v. Vandercook, 11 Wis. 70, 71; Gilmer v. Bird, 15 Fla. 410, 421; Sherman v. Gundlach, 33 N. W. 549, 550, 37 Minn. 118."

Counsel in this connection also rely upon 12 O. S. 1941 § 1173. This section designates the form of a summons in garnishment. It specifically provides that such summons shall be styled the State of Oklahoma. This section has no application to a garnishment proceeding in aid of execution. It only applies to a garnishment proceeding instituted at the commencement of an action or before execution has been returned unsatisfied. Voss Truck Lines, Inc., v. Citizens-Farmers Nat. Bank, 187 Okla. 289, 102 P. 2d 173. The statute in garnishment proceeding in aid of execution, 12 O. S. 1941 § 863, as above pointed out, does not require the service of a formal summons upon garnishee. It simply provides for the issuance and service of an order as distinguished from a summons. The order was therefore not required to run in the name of the state.

Appellant further contends that the judgment rendered against it is void for the reason that the order served upon it required it to answer the interrogatories within less than 30 days after service thereof. 12 O. S. 1941 § 1232 is relied upon. This section provides that a corporate garnishee, where service cannot be had upon any of its managing officers in the county in which the action is pending, shall have 30 days after service of summons in which to answer. This section has no application to this proceeding. Section 863, supra, is the applicable section. This section, after providing for the filing of affidavit of garnishment in aid of execution, provides:

" . . . and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten nor more than twenty days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning such indebtedness or property."

This section of the statute does not distinguish between a corporate and individual garnishee. It provides that the order issued by the court clerk shall require the garnishee, whether individual or corporate, to answer the interrogatories thereunto attached in not less than ten days nor more than 20 days from the date of issuing the same. The order was issued on the 10th day of April, 1944, and the appellant garnishee was required to answer the interrogatories on the 26th day of April, 1944. The order issued complied in all respects with the statute and is therefore a valid order.

It is finally contended that the order of garnishment is void for the reason that Mr. Rose, the judgment creditor, sought thereby to impound exempt or current wages and earnings of the judgment debtor and that he therefore forfeited the entire debt for which judgment was taken. This contention is based on 31 O. S. 1941 § 4. This section, after providing that 75 per cent of all current wages or earnings for personal or professional services are exempt from attachment, further provides:

"Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include more than twenty-five per cent of such wages, or personal earnings, and any person, firm, association or corporation either personally or by agent or attorney violating any provision of this act shall forfeit the entire debt, judgment or obligation sought to be satisfied, and no court in the State of Oklahoma shall ever have jurisdiction to enforce collection of any such claim, judgment or obligation in any case in which the provisions of this act have been violated."

The penal provision of this section was first adopted by the Legislature in 1915. It was adopted as an amendment to the 1910 law. This act, insofar as it related to the penal provision, was later held unconstitutional by this court because of defective title. Gilmer v. Hunt, 167 Okla. 175, 29 P. 2d 59. The provision, however, was re-enacted by the Legislature in 1943 when it adopted the Statutes of Oklahoma, 1941, as the law of the state and such provision is now in full force and effect. See, chapter 4, Okla. S. L. 1943, p. 252. Appellant, however, has failed to establish that Mr. Rose, the judgment creditor, has violated the penal provision of this act. It has failed to establish that he is seeking to impound current wages of the judgment debtor derived from personal or professional services. No answer was filed to the interrogatories. No evidence was taken at the hearing of the motion to vacate. The interrogatories do not disclose upon their face that Mr. Rose, the judgment creditor, was seeking to impound exempt wages or earnings of the judgment debtor. The interrogatories disclose that it was sought to impound commissions due the judgment debtor from renewal of insurance policies theretofore procured by him for the garnishee. Such commissions might or might not constitute current wages or earnings for personal or professional services depending somewhat upon the nature of the contract under which he was operating and the circumstances under which the commissions were earned. Steer v. Dow, 75 N. H. 95, 71 Atl. 217; Shahan v. Briggs (Tex. Civ. App.) 123 S.W. 2d 686.

The record here presented does not contain such a conclusive showing that Mr. Rose, the judgment creditor, has violated the penal provision of the act relied upon as would make it the duty of the court to declare a forfeiture of the entire debt.

The judgment is affirmed.

GIBSON, C. J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.