Jewel Edward BANDY, Petitioner,

v.

R. H. FULTON AND COMPANY, Travelers Insurance Company, Special Indemnity Fund of the State of Oklahoma and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37659.

Supreme Court of Oklahoma.

May 21, 1957.

Rehearing Denied June 25, 1957.

**876**

Claud Briggs, Oklahoma City, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, for respondents, R. H. Fulton & Co. and Travelers Ins. Co.

Mont R. Powell, Mary Elizabeth Cox, Jack Baird, for respondents, Special Indemnity Fund.

Mac Q. Williamson, Atty. Gen., for State Industrial Commission.

WILLIAMS, Justice.

On July 12, 1955, Jewel Edward Bandy, referred to herein as claimant, filed his amended claim for compensation against his employer, R. H. Fulton and Company, and its insurance carrier, Travelers Insurance Company, and Special Indemnity Fund, respondents herein, in which he states that on April 29, 1955, while in the employ of respondent R. H. Fulton and Company he sustained an accidental injury consisting of an injury to his right hand and arm and injuries to his back causing some permanent disability to his person; that the accident occurred when a fellow employee dropped his end of a support pipe, which the parties were lifting, thereby throwing the entire weight of the pipe upon him, causing his hand to be caught underneath the support pipe and throwing him backward into a ditch; that he was then a physically impaired person in that on the 13th day of

February, 1953, his right leg was injured by shrapnel while he was in the military service.

The trial judge found that claimant on April 29, 1955, while in the employ of R. H. Fulton and Company, sustained an accidental injury consisting of an injury to his right hand and back; that as a result of said injury he was temporarily totally disabled from that date until May 29, 1956, at which time temporary disability ended; that he was entitled to temporary total compensation for a period of 56 weeks at $28 per week or a total sum of $1,558.67, which amount has been fully paid. The judge further found that as a result of said injury claimant sustained a 40 per cent permanent partial disability to his right hand for which he is entitled to compensation for 80 weeks at $28 per week or the sum of $2,240. The judge further found that as a result of his back injury sustained on April 29, 1955, in the same accident claimant sustained 10 per cent permanent partial disability to his body as a whole for which he is entitled to 50 weeks compensation at the rate of $28 per week or the sum of $1,400, and awarded compensation in favor of claimant against his employer and its insurance carrier in the total sum of $3,640, less tax and attorney's fee.

The judge further found that at the time claimant sustained his injury he was a physically impaired person by reason of an injury to his left foot (sic) sustained in 1943 while in the military service, which former injury was obvious to any ordinary layman; that as a result of said former injury he sustained a 50 per cent permanent partial disability to the left foot (sic); that he sustained 40 per cent permanent partial disability to his right hand in the last injury; and that as a result of his combined injuries to his right hand and left foot he sustained 41 per cent permanent partial disability to his body as a whole, for which he is entitled to compensation for 205 weeks at $28 per week or the total sum of $5,740, less $2,240 of this amount, being compensation for 80 weeks against claimant's employer and its insurance carrier for injury to his

right hand as shown above, and less the further amount of $2,100, being compensation for 75 weeks for 50 per cent permanent partial disability sustained by claimant to his left foot in the sum of $2,100, and awarded compensation against Special Indemnity Fund in the sum of $1,400. The award was sustained upon appeal to the Commission en banc.

Claimant brings the case here to review this award. He, however, in his brief concedes that the findings of fact made by the commissioner are correct and also concedes that the award entered by the commissioner is in accordance with the provisions of 85 O.S.1951 § 172. He, however, contends that that part of section 172, supra, which provides that "if such combined disabilities constitute only a partial permanent disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the per centum of that disability that constituted the employee a 'physical[ly] impaired person' ", is invalid and should have been disregarded by the commissioner in entering the award and that this court should order the Commission to modify its order and award as against the Special Indemnity Fund by adding thereto the amount deducted from his overall disability for 50 per cent previous injury to his left foot which amounted to 75 weeks at $28 per week or $2,100.

The Special Indemnity Fund was created by the Legislature in 1943. S.L.1943, page 258. Section 1 of that act defines a "physically impaired person." Section 2, insofar as material, provides:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this State, but the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund * *."

In 1945 the Legislature passed an act amending section 2 of the 1943 Act. S.L. 1945, page 417. This Act re-enacts the provisions of the 1943 Act above quoted, changing the expression from "but the employer" to "Provided the employer" and inserts ahead of such words and following the words "as is now provided by the laws of this State" the following:

"* * * If such combined disabilities constitute a permanent total disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive one hundred (100%) per centum of the compensation, as now provided by law, for such permanent total disability. If such combined disabilities constitute only a partial permanent disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the per centum of that disability that constituted the employee a 'physical (sic) impaired person', as defined herein, all of which shall be computed

upon the schedule and provision of the Workmen's Compensation Law of this State. * * *"

The Act as amended now appears in 85 O.S.1951 § 172.

It is the contention of claimant that the 1945 Act not only amends Section 2 of the 1943 Act but also in effect amends 85 O.S. 1951 § 22 and therefore the 1945 Act is invalid as being a violation of the following provisions of Art. 5 sec. 57 of the State Constitution:

"* * * ˉand no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It is contended that under section 22, supra, as construed by this court claimant would have been entitled to recover compensation for his combined disability to his right hand and left foot (sic) the sum of $5,740 but under the Act as amended by the 1945 Act his recovery is $2,100 less for such combined disabilities for the reason the 1945 Amendment allows a deduction from his overall disability for the injury which constituted him a physically impaired person which in this case is 50 per cent permanent partial disability to his left foot (sic) in the sum of $2,100; and further contends that under the 1943 Law prior to its amendment he would have been entitled to recover the same compensation for his combined disabilities but would only recover compensation against his employer and its insurance carrier for the last injury sustained by him which in this case consists of 40 per cent injury to his right hand or the total sum of $2,240 and the balance in the sum of $3,500 against the Special Indemnity Fund instead of $1,400 awarded him against the Fund by the Commission; that the 1945 Act is therefore unconstitu-

tional for the reason that it in effect amends section 22, supra, without complying with the constitutional provision above mentioned.

Whether claimant's contention in this respect is correct or not, he still could not prevail in this case for the following reason: In 1951 the Legislature passed an Act authorizing the West Publishing Company to compile, codify and annotate the Oklahoma Statutes 1951. S.L.1951, p. 259.

Section 8 thereof in part provides:

"The Oklahoma Statutes 1951, prepared by West Publishing Company and in two (2) volumes as above provided for, after the same shall have been approved by the Justices of the Supreme Court of the State of Oklahoma as hereinabove provided, shall, as provided in Section 9, be, and are hereby, adopted as the general and public laws of the State of Oklahoma and the official Statutes of the State of Oklahoma, as to all laws therein contained. * * *"

Under authority delegated under the above Act the Statutes were compiled by West Publishing Company and after completion of such codification the code as compiled was approved by the Justices of the Supreme Court of this State.

Thereafter and on February 17, 1953, the Legislature of this State passed the following Adopting Act, S.L.1953, page 426, 75 O.S.Supp.1953 § 144:

"The Oklahoma Statutes, 1951, compiled, codified and annotated and indexed under and by the provisions of an Act of the Twenty-third Legislature of the State of Oklahoma, Session Laws of 1951, page 259, and compiled, codified and annotated under and by the supervision of the Justices of the Supreme Court of the State of Oklahoma and approved by them on October 9, 1951, and promulgated and published by John D. Conner, Secretary of State, under proclamation dated the 1st day of December, 1951; said Oklahoma Statutes, 1951, being further identified as two (2) volumes, Volume 1 containing

pages 1 to 2126, inclusive, and Volume 2 containing pages 1 to 2291, inclusive, be and the same is hereby adopted and made of force as the Code and Revised Statutes of the State of Oklahoma to be known as Oklahoma Statutes 1951, and that all general laws of the State of Oklahoma not therein contained be and the same are hereby repealed."

Therefore, even if the 1943 Act as amended by the 1945 Act and now appearing in 85 O.S.1951 § 172, was not in force prior to the passage of the above Adopting Act, which is not decided herein, upon the adoption thereof and making the same of force as the Code and Revised Statutes of this State, such Code and all the laws therein contained became the laws of the State including section 172, supra. Atlas Life Insurance Co. v. Rose, 196 Okl. 592, 166 P.2d 1011; Ex parte Haley, 202 Okl. 101, 210 P. 2d 653, 12 A.L.R.2d 416; Atchley v. Board of Barber Examiners of State, 208 Okl. 453, 257 P.2d 302.

Petitioner's argument is therefore without merit.

Award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.