Dear District Attorney Macy,
¶ 0 This office has received your request for an official Opinion addressing, in effect, the following question:
Is determining eligibility for military service creditbenefits left to the discretion of a board of countycommissioners in creating a county retirement system or is aboard of county commissioners limited by the military servicecredit provisions of 72 O.S. 1991, § 67.13a[72-67.13a]?
¶ 1 In addressing this question, we need to look at those statutory provisions relating to military service credit at 72O.S. 1991, § 67.13a[72-67.13a], as well as those provisions relating to county retirement systems at 19 O.S. 1991 and Supp. 1996, §§951-962.
 I.
¶ 2 Title 72 provides war veterans, as that term is defined in the statute, credit for military service with the retirement systems within the State of Oklahoma. The statute states:
 The words "war veterans" used in Section 67.13 of this title shall be construed to mean such honorably discharged persons as served:
 1. In the Armed Forces of the United States at any time during the period from April 6, 1917, to November 11, 1918, both dates inclusive;
 2. In the Armed Forces of the United States as members of the 45th Division at any time during the period from September 16, 1940, to December 7, 1941, both dates inclusive;
 3. In the Armed Forces of the United States at any time during the period from December 7, 1941, to December 31, 1946, both dates inclusive;
 4. In the Armed Forces of the United States at any time during the period from June 27, 1950, to January 31, 1955, both dates inclusive;
 5. For a period of ninety (90) days or more, unless discharged from active duty for a service-connected disability, in the Armed Forces of the United States during the period of time in which the United States participated in a war, campaign or battle, but excluding any person who shall have served on active duty for training only, unless discharged from active duty for service-connected disability;
 6. In the Armed Forces of the United States at any time during the period which began on:
 a. February 28, 1961, and ended on May 7, 1975, in the case of a veteran who served in the Republic of Vietnam during that period, and
 b. August 5, 1964, and ended on May 7, 1975, in all other cases,
 except that such period shall be deemed to have ended on December 31, 1976, when determining eligibility for education and training benefits; or
 7. In the Armed Forces of the United States on or after August 1, 1990, and ended on December 31, 1991, excluding any person who shall have served on active duty for training only, unless discharged from active duty for service-connected disability.
. . . .
 War veterans, as defined in this section, shall receive maximum benefits available for each year of creditable service, not to exceed five (5) years, for active military service for retirement benefits in the retirement systems within the State of Oklahoma[.]
1997 Okla. Sess. Laws ch. 187, § 1 (to be codified as 72 O.S.Supp. 1997, § 67.13a[72-67.13a]).
¶ 3 Although the statute states "retirement systems within the State of Oklahoma," the Supreme Court has interpreted the statute "to allow military service credit" to those members of "anystate retirement system" who qualify as "war veterans" as that term is defined in this statute. Allen v. Oklahoma UniformRetirement System for Justices and Judges, 769 P.2d 1302, 1304
(Okla. 1988) (emphasis added).
¶ 4 Therefore, according to the Oklahoma Supreme Court, Section 67.13a of Title 72 mandates that military service credit to be granted to qualified individuals who are members of a State retirement system.
 II.
¶ 5 Although 72 O.S. 1991, § 67.13a[72-67.13a], as interpreted by the Supreme Court, authorized military service credit to eligible members of State retirement systems, there is nothing that prohibits a board of county commissioners from establishing criteria for granting military service credit. The statutes establishing county retirement systems found at 19 O.S. 1991 andSupp. 1996, §§ 951-962 grant broad authority to a board of county commissioners to establish, by resolution:
 [A] retirement fund and system for any or all of the employees of such county as delayed compensation in order to encourage continuity of dedicated service on the part of employees and thereby promote public efficiency, and to provide retirement allowances and other benefits for such employees, their surviving spouses and surviving children[.]
19 O.S. 1991, § 951[19-951].
¶ 6 In furtherance of this statutory purpose, a board of county commissioners, in establishing a county retirement system, is statutorily authorized pursuant to Section 958, to take all necessary steps by resolution to accomplish the intent of this Act. This statute provides:
 The board of county commissioners of any county establishing a retirement fund and system under the provisions of this Act is hereby authorized and empowered to make effective by resolution all provisions necessary to accomplish the purposes of this act, and any amendments hereafter provided.
19 O.S. 1991, § 958[19-958].
¶ 7 Title 19 further provides for the control and management of county retirement funds and systems. This statute states in part:
 Every county establishing a retirement fund and system under the terms of this act is authorized and directed to provide for the control and management of such systems by resolution which in addition to other provisions shall provide for: (1) the qualifications of the persons eligible for retirement benefits; (2) the minimum age for retirement of employees; (3) the limitations of amounts to be paid to persons eligible for retirement benefits; (4) a board of trustees to administer the fund . . .; (5) the amount of contributions to be made by the county and the amount to be made by the employees; and (6) such rules and regulations as the board of trustees shall determine necessary for the proper regulation of the retirement fund and system.
19 O.S. 1991, § 952[19-952].
¶ 8 In interpreting statutes, the basic principle of statutory construction is to determine legislative intent through an examination of the statutory language. Grand River Dam Authorityv. State, 645 P.2d 1011, 1018 (Okla. 1982). Where the intent is clearly stated in the statute, no further statutory construction is necessary. Hughes Drilling Company v. Morgan, 648 P.2d 32,35 (Okla. 1982). With respect to a county's statutory authority, counties have only such authority as is granted by statute.Tulsa Exposition and Fair Corporation v. Tulsa CountyCommissioners, 468 P.2d 501, 507 (Okla. 1970). The Legislature, pursuant to 19 O.S. 1991 and Supp. 1996, §§ 951-962 has statutorily granted boards of county commissioners, in addition to other provisions, the express authority to establish county retirement systems, establish the qualifications for those eligible for retirement benefits, provide for a board of trustees, and provide rules and regulations which the "board of trustees shall determine necessary for the proper regulation of the retirement fund and system." 19 O.S. 1991, § 952[19-952].
¶ 9 These statutes grant to a board of county commissioners extensive powers to establish a county retirement system, including but not limited to, establishing certain qualifications for individuals to be eligible for retirement benefits. In exercising these powers, a board of county commissioners, unless otherwise prohibited by law, can establish criteria for members of the county retirement system to qualify for military service credit benefits.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A board of county commissioners, in establishing a countyretirement system, as authorized by 19 O.S. 1991 and Supp.1997, §§ 951-962 is not bound by the provisions of 72 O.S.Supp. 1997, § 67.13a[72-67.13a], in that county retirement systems are notstate retirement systems and the granting of military servicecredit to qualified members of the county retirement system iswithin the authority and purview of a board of countycommissioners.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL